**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTH DISTIRCT OF GEORGIA
ATLANTA DIVISION**

KYLE VARGES,                    )
KHORI VARGAS,                   )
SHAWN YARBOROUGH,               )
                                )
    PLAINTIFFS,          )
                                )
v.                              )        CIVIL ACTION NO.:
                                )
SCALES 925 ATLANTA, LLC,        )        JURY TRIAL REQUESTED
SCALES 925 ATLANTA             )
MANAGEMENT, LLC,               )
CHARLES HUGHES, THE VENUE      )
RESTAURANT CORP, CLIFFORD      )
JOSEPH HARRIS, JR.,            )
AND CLIFFORD JOSEPH            )
HARRIS, JR. D.B.A. THE ROYAL   )
GROUP LLC,                     )
                                )
    DEFENDANTS.          )
_____)

## <u>COMPLAINT</u>

NOW COME, Plaintiffs, Kyle Vargas, Khori Vargas and Shawn Yarborough, and hereby file this action pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §201 *et seq.* (hereinafter "FLSA"), seeking payment for unpaid wages, overtime wages, liquidated damages, actual damages, compensatory damages, for Defendants' violation of the FLSA. Plaintiffs further seek reasonable

attorneys' fees, costs and interest pursuant to 29 U.S.C. §216(b). Plaintiffs state as follows in this matter:

## I.    JURISDICTION AND VENUE

1.

Jurisdiction is conferred upon this Court by 29 U.S.C. §§216(b), 215(a)(3) of the Fair Labor Standards Act, by 29 U.S.C. §1331, this action arising under the laws of the United States, and by 28 U.S.C. §1337, this action arising under an act of Congress regulating commerce.

2.

Venue in this Court is proper pursuant to 28 U.S.C. §1391(b).

3.

Scales 925 Atlanta, LLC, is a domestic Limited Liability Corporation registered in the State of Georgia, with a principal place of business located at 30 Ivan Allen Jr. Boulevard, Atlanta, Georgia 30308.

4.

Service of process for Scales 925 Atlanta, LLC can be effectuated through its registered agent Charles Hughes at 30 Ivan Allen Jr. Boulevard, Atlanta, Georgia 30308.

5.

Scales 925 Atlanta Management, LLC is a domestic Limited Liability Corporation registered in the State of Georgia with a principal place of business located at 30 Ivan Allen Jr. Boulevard, Atlanta, Georgia 30308.

6.

Service of process for Scales 925 Atlanta Management, LLC can be effectuated through its registered agent Rosalia Shaw at 30 Ivan Allen Jr. Boulevard, Atlanta, Georgia 30308.

7.

The Venue Restaurant Corp is a domestic Limited Liability Corporation registered in the State of Georgia with a principal place of business located at 30 Ivan Allen Jr. Boulevard, Atlanta, Georgia 30308.

8.

Service of process for The Venue Restaurant Corp can be effectuated through its registered agent Lakita Williams at 30 Ivan Allen Jr. Boulevard, Atlanta, Georgia 30308.

9.

Charles Hughes is a resident of the State of Georgia and engaged in the actions that led to the filing of this Complaint within the jurisdiction of this Court.

10.

Service of process for Charles Hughes can be effectuated at 30 Ivan Allen Jr. Boulevard, Atlanta, Georgia 30308.

11.

Hughes is a person who acted directly or indirectly in the interest of an employer in relation to the Plaintiffs as defined by 29 U.S.C. 203(d). Specifically, Hughes made employment and compensation decisions related for the Plaintiffs and other Defendants to this action.

12.

The Encore Group Unlimited, LLC was a domestic Limited Liability Corporation registered in the State of Florida by Charles Hughes and dissolved on May 1, 2015.

13.

Clifford Harris is a resident of the State of Georgia and engaged in the actions that led to the filing of this Complaint within the jurisdiction of this Court. Harris resides at 3309 Lost Valley Drive, Jonesboro, Georgia 30236.

14.

Harris is a person who acted directly or indirectly in the interest of an employer in relation to the Plaintiffs as defined by 29 U.S.C. 203(d). Specifically,

Harris made employment and compensation decisions related for the Plaintiffs and other Defendants to this action.

15.

The Royal Group, LLC is an entity that Harris failed to properly register with the Secretary of State and is listed as Flawed/Deficient by the Georgia Secretary of State.

16.

Harris uses The Royal Group as an alter ego to sign contracts and agreements.

II. PARTIES

17.

Plaintiff, Kyle Vargas, is an adult resident citizen of Fulton County, Georgia.

18.

Plaintiff, Khori Vargas, is an adult resident citizen of Fulton County, Georgia.

19.

Plaintiff, Shawn Yarborough, is an adult resident citizen of Franklin County County, Ohio.

20.

At all times relevant to this Complaint, Plaintiffs were a "covered employee" as defined by 29 U.S.C. §203(e)(1).

21.

At all times relevant, Defendants employed the Plaintiffs to perform labor for their benefit in this District, and Defendants made employment and compensation related decisions regarding the Plaintiffs and other similarly situated employees within this District.

22.

Defendant Scales 925 Atlanta, LLC, lists its principal office at 30 Ivan Allen Jr. Boulevard, Atlanta, Georgia 30308. Upon information and belief, Defendant Scales 925 Atlanta, LLC Corp is a domestic Limited Liability Corporation conducting business within the State of Georgia and within this district.

23.

Defendant Scales 925 Atlanta, LLC is engaged in interstate commerce for purposes of the FLSA.

24.

Upon information and belief, Defendant Scales 925 Atlanta, LLC's gross revenue is in excess of $500,000 per year.

25.

Defendant Scales 925 Atlanta Management, LLC lists its principal office at 30 Ivan Allen Jr. Boulevard, Atlanta, Georgia 30308. Upon information and belief, Defendant Scales 925 Atlanta, LLC Corp is a domestic Limited Liability Corporation conducting business within the State of Georgia and within this district.

26.

Defendant Scales 925 Atlanta Management, LLC is engaged in interstate commerce for purposes of the FLSA.

27.

Upon information and belief, Defendant Scales 925 Atlanta Management, LLC's gross revenue is in excess of $500,000 per year.

28.

Defendant The Venue Restaurant Corp. lists its principal office at 30 Ivan Allen Jr. Boulevard, Atlanta, Georgia 30308. Upon information and belief, Defendant The Venue Restaurant Corp. is a domestic Limited Liability Corporation conducting business within the State of Georgia and within this district.

29.

Defendant The Venue Restaurant Corp. is engaged in interstate commerce for purposes of the FLSA.

30.

Upon information and belief, Defendant The Venue Restaurant Corp.'s gross revenue is in excess of $500,000 per year.

31.

Defendant Hughes is an adult resident of the State of Georgia.

32.

Hughes, based upon information and belief, is a manager of Scales 925 Atlanta, LLC. At all times relevant to this Complaint, Hughes served as a supervisor, managing the day-to-day operation of the business, has responsibility for the supervision of the employees, has hiring and firing authority, makes compensation decision, and sets and enforces compensation and related policies for Scales 925 Atlanta, LLC.

33.

Defendant Hughes is engaged in interstate commerce for purposes of the FLSA.

34.

Upon information and belief, Defendant Hughes had gross revenue is in excess of $500,000 per year.

35.

Defendant The Encore Group, LLC was a Limited Liability Corporation created by Hughes conducting business within the State of Georgia and within this district.

36.

Hughes voluntarily dissolved Encore on or about April 3, 2015.

37.

Defendant Harris is an adult resident of the State of Georgia.

38.

Harris, based upon information and belief, is an owner of Scales 925 Atlanta, LLC. At all times relevant to this Complaint, Harris had responsibility for the supervision of the employees, had hiring and firing authority, makes compensation decision, and sets and enforces compensation and related policies for Scales 925 Atlanta, LLC.

39.

Defendant Harris is engaged in interstate commerce for purposes of the FLSA.

40.

Upon information and belief, Defendant Harris had gross revenue is in excess of $500,000 per year.

41.

Defendant The Royal Group, LLC is an entity that Harris unsuccessfully attempted to register as a Limited Liability Corporation in Georgia. Nevertheless, Harris uses Royal as an alter ego for himself when signing contracts.

42.

Harris registered "SCALES 925" as a trademark with the United States Patent and Trademark Office in 2015. The goods and service provided under the trademark is for cocktail lounge and restaurant services. The trademark "SCALES 925" is a symbol of Harris' birthday and zodiac sign. A true and correct copy of the trademark is attached as Exhibit 1.

## III.    FACTUAL ALLEGATIONS

### 43.

Harris and Hughes were business partners, including the ownership and operation of Scales 925.  *See* Instagram post from Harris admitting to the partnership in the restaurant, attached hereto as Exhibit 2.

### 44.

Venue signed a lease agreement with Forward One Atlanta, LLC to rent property located at 30 Ivan Allen Jr. Blvd, Atlanta, Georgia 30308. *See* lease agreement, attached hereto as Exhibit 3.

### 45.

On or about December 1, 2014, Venue entered into a contract with Harris and Hughes. *See* contract, attached hereto as Exhibit 4.

### 46.

Harris signed the contract with Venue using his alter ego as the CEO of Royal, which is not an actual LLC.  The contract states that Harris and Venue will operate a restaurant at 30 Ivan Allen Jr. Blvd, Atlanta, Georgia 30308.

### 47.

Hughes signed the contract with Venue through his alter ego of himself as the CEO of Encore, an entity that was legally dissolved LLC on May 1, 2015. The

contract states that Hughes and Venue will operate a restaurant at 30 Ivan Allen Jr. Blvd, Atlanta, Georgia 30308.

48.

Venue then assigned the lease to 30 Ivan Allen Jr. Blvd, Atlanta, Georgia 30308 to Harris and Hughes.

49.

Harris next authorized Venue to request a business license and liquor license from the City of Atlanta under his trademark Scales 925.

50.

The City of Atlanta issued a business license and liquor license to Venue as Venue RESTS CORP/DBA SCALES 925. *See* business license and liquor license, attached hereto as Exhibit 5.

51.

On April 1, 2015, Harris, Hughes, Scales Management LLC, Venue, and Scales 925 Atlanta opened a restaurant at 30 Ivan Allen Jr. Blvd, Atlanta, Georgia 30308. The restaurant is operating under the trademark resisted by Harris.

52.

The restaurant used Harris' trademark SCALES 925 in its name and for marketing purposes.

53.

The website identifies Harris as the Co-Founder/Principal of the restaurant. A true and correct copy of the web page is attached as Exhibit 6.

54.

Harris makes decisions for the restaurant regarding what entrees are sold on the restaurant's menu; the layout and look of the restaurant; Harris personally promotes the restaurant; and Harris selected the head chef or chefs for the restaurant.

55.

Harris and Hughes share equal and joint responsibility and authority at the restaurant. Both have the authority to determine the pay rates or the methods of payment of the employees. Both have the right, directly or indirectly, to hire, fire, or modify the employment conditions of the workers.

56.

Hughes created the companies Scales 925 Atlanta, and Scales 925 Atlanta Management, LLC. Hughes has used both companies as an alter ego. Hughes used Scales 925 Atlanta Management LLC to pretend to withdraw payroll tax for employees working at SCALES 925.

57.

Hughes did not pay payroll tax to the state of Georgia. Hughes used Scales 925 Atlanta Management, LLC to create bank accounts for payroll. However, Hughes would deposit money from SCALES 925 into his personal account resulting in payroll checks bouncing.

58.

At all relevant and material times, Harris, Hughes, Venue, Scales 925 Atlanta, and Scales 925 Atlanta Management, LLC were business partners doing business under the trademark SCALES 925. They shared the profits from the restaurant.

59.

As an hourly employee, Plaintiffs were entitled to full pay for each hour worked and overtime for any time worked over forty (40) hours per week.

60.

Plaintiffs were employed in a position that involved interstate commerce as defined by the FLSA and/or employed in an enterprise that engaged in interstate commerce.

61.

Upon information and belief, Defendants classified Plaintiffs as hourly nonexempt employees, compensating him on an hourly basis.

62.

Defendants employed Plaintiff Kyle Vargas as a Bar Backer and Food Runner.

63.

Defendants employed Plaintiff Khori Vargas as a Bar Backer and Food Runner.

64.

Defendants employed Plaintiff Yarborough as a Lead Cook.

65.

Defendants classified Plaintiff Kyle Vargas as nonexempt full-time employee, electing to pay him hourly basis at a rate of $8.00 per hour when working as a food runner and $5.15 per hour plus tips when he is working as a bar back.

66.

On a regular and reoccurring basis, Plaintiff Kyle Vargas was required by Defendants to perform duties of his position in excess of forty (40) hours per week.

## 67.

In fact, Plaintiff Kyle Vargas worked fifty (50) to eighty (80) hours per week, during times relevant.

## 68.

Despite submitting these hours for compensation, Defendants failed to pay Plaintiff Kyle Vargas the overtime premium, electing to pay him only the straight time for the hours worked over forty (40) at times and at other times pay a rate less than the straight time pay.

## 69.

Plaintiff Kyle Vargas alleges that Defendants intentionally failed to pay the premium rate of pay for those hours worked in excess of forty (40) in a workweek and electing to pay only the regular rate of pay.

## 70.

Plaintiff Kyle Vargas also alleges that Defendants would provide him with $15 in tips to spit among several employees despite the actual tips received during the night. This resulted in a *de minimis* tip payment for each shift.

## 71.

Defendants classified Plaintiff Khori Vargas as nonexempt full-time employee, electing to pay him hourly basis at a rate of $8.00 per hour when

working as a food runner and $5.15 per hour plus tips when he is working as a bar back pursuant to section 3(m) of the FLSA.

72.

On a regular and reoccurring basis, Plaintiff Khori Vargas was required by Defendants to perform duties of his position in excess of forty (40) hours per week.

73.

In fact, Plaintiff Khori Vargas worked approximately 112 hours per week, during times relevant.

74.

Despite submitting these hours for compensation, Defendants failed to pay Plaintiff Khori Vargas the overtime premium, electing to pay him only the straight time for the hours worked over forty (40) at times and at other times pay a rate less than the straight time pay.

75.

Plaintiff Khori Vargas alleges that Defendants intentionally failed to pay the premium rate of pay for those hours worked in excess of forty (40) in a workweek and electing to pay only the regular rate of pay.

76.

Plaintiff Khori Vargas also alleges that Defendants would provide him with

$15 in tips to spit among several employees despite the actual tips received during the night.  This resulted in a *de minimis* tip payment for each shift.

77.

Defendants classified Plaintiff Yarborough as nonexempt full-time employee, electing to pay him hourly basis at a rate of $13 per hour.

78.

During Plaintiffs' employment with Defendants as hourly employees, Defendants willfully and knowingly failed to fully compensate Plaintiffs for all hours worked at both the straight time and overtime for those house worked in excess of forty (40).

79.

During Plaintiffs' employment with Defendants as an hourly employee, Defendants willfully and knowingly failed to pay the Plaintiffs for all hours worked and failed to pay Plaintiffs at the correct applicable rate of pay based on the type of work performed.

80.

Defendants have willfully failed to comply with the overtime provisions of the FLSA, 29 U.S.C. §207, specifically, by failing to pay Plaintiffs at the premium overtime rate for each hour over forty (40) hours he worked per week.

81.

Defendants have willfully failed to comply with the minimum wage provisions of the FLSA, 29 U.S.C. §207, specifically, by failing to pay Plaintiffs for all hours worked.

82.

Defendants have failed to keep accurate time records for the Plaintiffs in conformity with the FLSA.

83.

Defendants have failed to properly post the Department of Labor wage and hour notices in conspicuous places as required by 29 C.F.R. §516.4.

84.

Defendants knowingly, intentionally, willfully and recklessly failed to pay the Plaintiffs in conformity with the requirements of the FLSA.

85.

This action is brought to recover unpaid compensation, in the form of wages, for an hourly employee, who performed work involving interstate commerce and/or work for an enterprise engaged in interstate commerce without being paid for it, failure to pay daily minimums, and/or without being paid the premium for hours worked in excess of forty (40) per week.

86.

As a result of the Defendants' violation of the FLSA, Plaintiffs have suffered

damages by failing to receive compensation due in accordance with the FLSA.

87.

Plaintiffs are entitled to the amount of unpaid wages and are also entitled to

recover an additional equal amount as liquidated damages pursuant to the FLSA

and prejudgment and post judgment interest.

88.

Defendants have not made a good faith effort to comply with the FLSA.

89.

Plaintiffs are entitled to an award of attorneys' fees under the FLSA.

90.

Plaintiffs have no plain, adequate or complete remedy to redress the

allegation contained herein and this suit for lost wages, back-pay, and declaratory

judgment and injunctive relief is the only avenue to secure adequate relief.

## IV. COUNT ONE: CLAIM FOR VIOLATIONS OF THE FLSA - FAILURE TO PAY OVERTIME

91.

Plaintiffs incorporate by reference paragraphs 1 – 90 as if full set forth

herein.

92.

The Defendants have willfully failed to compensate Plaintiffs for overtime hours worked during their employment at the premium rate.

93.

Defendants, by such failure, have willfully violated the provisions of the FLSA.

94.

Defendants have failed to keep adequate records of all time worked by Plaintiff.

95.

Defendants, by such failure, has willfully violated the overtime provisions of the FLSA.

**WHEREFORE**, Plaintiffs prays that this Honorable Court enter judgment in favor for:

A.     Payment of all wages Plaintiffs should have received under the FLSA, but for Defendants' willful violation;

B.     Payment of an equal amount of liquidated damages and interest pursuant to the FLSA;

C.      Such other legal and equitable relief including but not limited to, any injunctive and/or declaratory relief, to which they may be entitled; and

D.      All reasonable costs and attorneys' fees pursuant to the FLSA.

## V.    COUNT TWO: CLAIM FOR FAILURE TO PAY MINIMUM WAGE.

96.

Plaintiffs incorporate by reference paragraphs 1 – 95 as if fully set forth herein.

97.

Defendants willfully failed to compensate the Plaintiffs at the applicable hourly rate based on the type of work performed.

98.

Defendants have failed to ensure Plaintiffs earned at least the minimum wage for all work performed.

99.

Defendants have failed to ensure that tipped employees who perform tipped and non-tipped jobs earn the applicable minimum wage.

100.

Defendants have willfully and knowingly violated the provisions of the FLSA.

**WHEREFORE**, Plaintiffs pray that this Honorable Court enter judgment in favor for:

A.    Payment of all wages Plaintiffs should have received under the FLSA, but for Defendants' willful violation;

B.    Payment of an equal amount of liquidated damages pursuant to the FLSA;

C.    Such other legal and equitable relief including but not limited to, any injunctive and/or declaratory relief, to which they may be entitled; and

D.    All reasonable costs and attorneys' fees pursuant to the FLSA.

Respectfully submitted, this 29th day of March, 2017.

*Attorneys for Plaintiff*

**THE VAUGHN LAW FIRM, LLC**

/s/ Christopher D. Vaughn_____
Christopher D. Vaughn, Esq.
Georgia Bar No. 726226
Frank DeMelfi, Esq.
Georgia Bar No. 320128
A. Brian Henson, Esq.
Georgia Bar No. 747269

246 Sycamore Street Suite 150
Decatur, Georgia 30030
phone: 404-378-1290
facsimile: 404-378-1295